**E-filed 3/17/2011**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| VIRGINIA C. RUPISAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.; DSL SERVICE COMPANY; OCWEN LOAN SERVICING, LLC; WESTERN PROGRESSIVE, LLC; and DOES 1 through 50, inclusive<br><br>　　　　　　Defendants. | Case Number 5:10-cv-5755-JF/HRL<br><br>ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>[Re: Docket Nos. 8, 9, 11, 14] |

　　　Plaintiff Virginia Rupisan ("Plaintiff") filed the instant action on October 26, 2010, in the Santa Clara Superior Court, following the commencement of non-judicial foreclosure proceedings on her home. Defendants OCWEN Loan Servicing, LLC ("OCWEN") and Western Progressive, LLC ("Western") removed the case to this Court and now move to dismiss all of the claims in Plaintiff's complaint. Defendants U.S. Bank, N.A. ("U.S. Bank"), the successor in interest to Federal Deposit Insurance Corporation as receiver for Downey Savings and Loan

---

[1]　　This disposition is not designated for publication in the official reports.

Case No. 5:10-cv-04917 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFLC3)

Association ("Downey), and DSL Service Company ("DSL") also move to dismiss.

Plaintiff alleges twenty-four claims for relief, including violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*; the Real Estate and Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.*; and related state law claims. In addition, she seeks a judicial declaration that her loan is unenforceable and an injunction preventing Defendants from foreclosing upon her home.

Pursuant to Civ. L.R. 7-3(a), Plaintiff was required to file opposition to Defendants' motion at least twenty-one days before the noticed hearing date of March 11, 2011– here, not later than February 18, 2011. Plaintiff did not submit her opposition brief until March 7, 2011, only four days before the hearing and after the deadline for both the opposition brief and Defendants' reply briefs. Plaintiff's late filing not only violated the Court's rules but also deprived Defendants of a fair opportunity to respond to Plaintiff's arguments.[2] In addition, Plaintiff's brief exceeds the page limit by eight pages, *see* Civil L.R. 7-4(b), appears to address claims not asserted in the complaint, such as negligence and civil conspiracy, and fails to respond to the majority of the arguments raised by Defendants. Accordingly, the motion to dismiss will be granted, with leave to amend. Any amended pleading must address the deficiencies noted in Defendants' moving papers.

Most of Plaintiff's claims arise from the origination of the loan Plaintiff obtained from Downey on May 30, 2006. Plaintiff did not file the instant action until October 26, 2010, nearly four and a half years late. Because the complaint does not allege facts sufficient to toll the applicable statutes of limitations, many of Plaintiff's claims appear to be time-barred.[3] Because

---

[2] Defendants U.S. Bank and DSL did file a reply to Plaintiff's opposition on March 10, 2010, the day before the hearing. Defendants OCWEN and Western filed a statement of non-opposition on February 22, 2011, but did not respond to Plaintiff's belated opposition.

[3] See, for example, 15 U.S.C. § 1640(e) (requiring TILA damages claims to be filed within one year of origination); 15 U.S.C. § 1635(f) (requiring claims rescission be filed no later than three years after origination); 12 U.S.C. § 2614 (requiring RESPA claims be filed within one to three years, depending on the violation); Cal. Civ. Proc. Code § 338(d) (providing a three-year statute of limitations for an "action for relief on the grounds of fraud or mistake").

Plaintiff is proceeding *pro se*, the Court offers the following guidance with respect to the timeliness of Plaintiff's claims.

Plaintiff argues that the applicable statutes of limitations are subject to the doctrine of equitable tolling. Under California law, "the three elements necessary to establish the doctrine of equitable tolling are (1) timely notice to the defendant, (2) lack of prejudice to the defendant, and (3) reasonable and good faith conduct on the part of the plaintiff." *Garabedian v. Skochko*, 223 Cal. App. 3d 836, 846 (1991). With respect to her state-law claims, Plaintiff has failed to plead these elements with the required particularity.

Federal equitable tolling doctrine applies when a federal statute contains a specific statute of limitations. In determining whether the federal equitable tolling doctrine applies to a particular federal statute, the Court must consider whether equitable tolling would promote the Congressional purpose underlying the statute at issue. *Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 427 (1965). Under controlling Ninth Circuit authority, the remedial nature of the TILA statute permits the district court to apply the equitable tolling doctrine in appropriate circumstances. *King v. State of Cal.*, 784 F. 2d 910, 915 (9th Cir. 1986).

Plaintiff claims she lacked sufficient notice of any violations because of the Defendant's alleged fraud and other misrepresentations. She alleges that her native language is Tagalog and she has minimal command of English. She relies on *Gonzalez v. Ameriquest Mortgage Co.*, 2004 WL 2472249 (N.D. Cal. 2004), where the court found that equitable tolling was alleged adequately where defendants knew that the plaintiff spoke only Spanish and thus had no way of knowing the prohibited terms were in the English-language loan documents. However, the original complaint in *Gonzalez* was filed only six days after the expiration of the one-year statute of limitations for TILA, and it included specific allegations that the defendants had made oral representations to the plaintiff in Spanish before presenting the loan documents in English and had induced her not to have an attorney examine the documents. Here, Plaintiff waited more than four years to pursue any claims, and the complaint does not include comparable factual allegations.

In order to allege delayed discovery, Plaintiff must show that: (1) she had no knowledge

3

Case No. 5:10-cv-04917 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFLC3)

1 of the injury; (2) she lacked means for obtaining such knowledge; and (3) how and when she
2 actually learned of the injury. *California Sansome Co. v. U.S. Gypsum*, 55 F. 3d. 1402, 1407 (9th
3 Cir. 1995). Plaintiff's current complaint does not plead these elements sufficiently.

4     In response to a question from the Court at the hearing, Plaintiff indicated through an
5 interpreter that she had received assistance from a non-lawyer in drafting her pleadings. The
6 Court is concerned that such assistance may constitute the unauthorized practice of law, and it
7 strongly encourages Plaintiff to seek the assistance of a licensed attorney in preparing any
8 amended pleadings.[4] Any amended complaint shall be filed within thirty (30) days after the date
9 of this order.

**ORDER**

For good cause shown,

(1) the motions to dismiss is GRANTED, WITH LEAVE TO AMEND;

(2) Defendants' motion to strike and request for judicial notice in support of their motion to dismiss are TERMINATED as moot;

(3) the case management conference currently set for March 25, 2011, is hereby rescheduled for May 13, 2011;

(4) any amended pleading shall be filed within thirty (30) days after the date of this order.

DATED:   March 17, 2011

                                  JEREMY FOGEL
                                  United States District Judge

---

[4] The clerk has provided Plaintiff with contact information for the Santa Clara Bar Association's lawyer referral service.

4

Case No. 5:10-cv-04917 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFLC3)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| VIRGINIA C. RUPISAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.; DSL SERVICE COMPANY; OCWEN LOAN SERVICING, LLC; WESTERN PROGRESSIVE, LLC; and DOES 1 through 50, inclusive<br><br>　　　　　Defendants. | Case Number 5:10-cv-5755-JF/HRL<br><br>CERTIFICATE OF SERVICE |

　　　I, the undersigned, hereby certify that I am an employee of the Office of the Clerk, United States District Court, Northern District of California.

　　　On March 17, 2011, I served a true and correct copy of the attached document to each of the persons hereinafter listed by placing said copy in a postage paid envelope and depositing said envelope in the United States mail, or by placing said envelope in the outgoing mail delivery receptacle located in the Clerk's Office:

Virginia C. Rupisan
2461 Sherlock Drive
San Jose, CA 95121


DATED:  March 17, 2011　　　　　　　　　　For the Court
　　　　　　　　　　　　　　　　　　　　　Richard W. Weiking, Clerk

　　　　　　　　　　　　　　　　　　　　　By: _____/s/_____
　　　　　　　　　　　　　　　　　　　　　Diana Munz
　　　　　　　　　　　　　　　　　　　　　Courtroom Deputy Clerk

5

Case No. 5:10-cv-04917 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFLC3)